# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-1577

_____

Carlos Alberto Martinez-Avila

*Petitioner*

v.

William P. Barr, Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: January 17, 2019
Filed: April 12, 2019
[Unpublished]

_____

Before LOKEN, GRASZ, and STRAS, Circuit Judges.

_____

PER CURIAM.

The question presented in this case is whether the Board of Immigration Appeals abused its discretion when it denied Carlos Martinez-Avila's motion for reconsideration. We conclude that it did not and deny his petition for review.

Martinez-Avila is a Mexican national who has been in this country illegally since 2000. When the United States began removal proceedings in 2012, he argued that he should not be deported because it would cause "exceptional and extremely unusual hardship" for his children, at least of two of whom are United States citizens. *See* 8 U.S.C. § 1229b(b) (providing that the Attorney General may decline to remove an alien if it would cause hardship to immediate relatives who are United States citizens or lawful permanent residents). Neither an immigration judge nor the Board of Immigration Appeals agreed. Martinez-Avila then requested reconsideration from the Board, but he filed his motion too late. The Board denied it because he had both missed the filing deadline and failed to raise anything new.

Martinez-Avila's failure to comply with the filing deadline gave the Board reason enough to deny his motion. Under 8 C.F.R. § 1003.2(b)(2), "[a] motion to reconsider a decision must be filed . . . within 30 days after the mailing of the Board decision." It is undisputed that Martinez-Avila filed his motion on the 34th day—four days after the deadline expired. *See Liadov v. Mukasey*, 518 F.3d 1003, 1012 (8th Cir. 2008) (treating the day the Board receives a motion in the mail as the day the motion is "filed" with the Board). The Board was not required to entertain a motion that Martinez-Avila filed late. *Cf. Habchy v. Gonzales*, 471 F.3d 858, 865–66 (8th Cir. 2006).

To be sure, the Board went on to provide an alternative ground for denying the motion: that even if it had been timely filed, the decision would have been the same. *See Gomez-Gutierrez v. Lynch*, 811 F.3d 1053, 1060 (8th Cir. 2016) ("The motion [for reconsideration] must give the Board a reason for changing its mind, something [it] has no reason to do if the motion merely republishes the reasons that had failed to convince [it] in the first place." (internal quotation markets, brackets, and citation omitted)). But just because the Board addressed the merits of Martinez-Avila's motion does not mean that we must now do so too. Rather, once we have

-2-

identified a legally sufficient reason to uphold the Board's decision—here, the missed filing deadline—we need not do anything else.

The petition for review is accordingly denied.

_____